By ti-ie Court.
Where an action is brought by a county treasurer under favor of Section 2667, General Code, to enforce a lien for taxes or assessments charged against lands or lots or parcels thereof upon the tax duplicate, and the petition contains the allegations specified in Section 2669, General Code, such allegations must be sustained by proof that the lands or lots or parcels described in the petition stand charged, upon a tax duplicate authorized by law, with the taxes and assessments sought to be recovered.
If the language of a statute is ambiguous and its meaning doubtful, a court in construing such statute will endeavor to ascertain and give effect to the intent of the lawmaking body which enacted it; but when the language employed is clear, unambiguous, and free from doubt, it is the duty of the *28 court to determine the meaning of that which the legislature did enact, and not what it may have intended to enact.
Where an existing statute is specifically repealed, a court will not inquire whéther the legislature intended its repeal. If it be true that a statute was unintentionally or inadvertently repealed, the remedy .is by legislative action, and not by judicial declaration that the general assembly has done that which it did not intend to do. Slingluff et al. v. Weaver et al., 66 Ohio St., 621, approved and followed.
Section 6085, General Code, having been specifically repealed by the act of May 31, 1911 (102 O. L., 291), the tax duplicate offered in evidence by the treasurer to support the allegations of his petition was not, authorized by law, and can have no probative force or effect.
The judgments of the court of appeals and of the common pleas court are reversed, and judgment for plaintiff in error.

Judgments reversed.

Nichols, C. J., Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.